# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NEYSA M. WEST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-0907-CV-W-DGK-P |
| | ) |
| MIKE KEMNA, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, Neysa West, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 7, 2011, seeking to challenge her 2009 conviction and sentence for driving under the influence, which was entered in the Circuit Court of Saline County, Missouri.

Petitioner raises four grounds for relief: (1) that counsel was ineffective when he misled petitioner to believe that if she did not plead guilty, she could face a life sentence; (2) that there were no lab results proving intoxication available at the time of sentencing; (3) that petitioner was prevented from speaking to her attorney on the phone after her arrest in Lafayette County; and (4) that trial counsel was ineffective when he led petitioner to believe that prosecutors were willing to reduce the requested sentence to one year in treatment, of which petitioner would likely only serve 120 days.

Respondent contends that all grounds are without merit, and, additionally, grounds 1, 2, and 3 are procedurally defaulted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> On May 18, 2009, [petitioner] was charged by information with one count of driving while intoxicated, § 577.010; one count of possession of a controlled substance (methamphetamine), § 195.202; and one misdemeanor count of possession of drug paraphernalia with intent to use, § 195.233. The State later filed an amended information charging [petitioner] as a chronic DWI offender based upon three prior convictions for DWI and a conviction for involuntary manslaughter while intoxicated.
>
> On June 25, 2009, [petitioner] appeared before the Circuit Court of Saline County and entered a plea of guilty pursuant to a plea agreement she had entered into with the State. Under the terms of that agreement, in exchange for her plea of guilty to the DWI count, the State agreed to dismiss the other two charges and to recommend a term of ten-years imprisonment [to which petitioner was sentenced].
>
> [Petitioner] subsequently filed a timely *pro se* motion for post-conviction relief under Rule 24.035. In relevant part, she claimed that she received ineffective assistance of counsel because her attorney had misled her to believe that the State would recommend that she receive one year of drug treatment. Appointed counsel later filed a statement in lieu of an amended motion indicating that counsel was unaware of any potentially meritorious claims or supportive facts that have been omitted from [petitioner's] *pro se* motion. On May 19, 2010, the motion court denied [petitioner's] motion without an evidentiary hearing.

(Respondent's Exhibit D, p. 2).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-2-

court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUNDS 1, 2, AND 3 – PROCEDURAL DEFAULT**

Petitioner first attempts to present three grounds for relief which were not raised on appeal from the denial of her Rule 24.035 post-conviction relief motion. In Ground 1, petitioner asserts that counsel was ineffective because he led petitioner to believe that if she did not plead guilty, she would face a life sentence. In Ground 2, petitioner asserts that there were no lab results available at the time of sentencing that would offer proof of intoxication. In Ground 3, petitioner asserts that she was denied her right to counsel when, after her arrest, someone with Lafayette County hung up on her attorney. Respondent counters that all three grounds are procedurally defaulted.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that petitioner defaulted the claims set forth in Grounds 1, 2, and 3 by not raising them on appeal. (see Respondent's Exhibit D). Consequently, these grounds for relief may not be reviewed by the Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider her claims will result in a fundamental miscarriage of justice. Coleman, 501

U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for her procedural default.

Even though petitioner has failed to demonstrate cause (and, therefore, we do not consider prejudice) for her procedural default, the Court can still reach the merits of her claims if she can show that she is "probably actually innocent" of the crimes for which she was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate her innocence, petitioner must satisfy a two-part test: First, she must support her allegations of constitutional error "with new reliable evidence . . . that was not presented at trial." Second, she must establish "that it is more likely than not that no reasonable juror would have convicted [her] in light of the new evidence." Id. (citing Schlup v. Delo, 513 U.S. 298 (1995)). A review of the record reflects that petitioner has failed to satisfy this test.

Petitioner has failed to show cause for and prejudice from the default of Grounds 1, 2, and 3. She also has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of these grounds is not required to prevent a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. at 495.

Grounds 1, 2, and 3 are denied.

### GROUND 4 – INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground 4, petitioner alleges that trial counsel was ineffective because he led petitioner to believe that prosecutors were willing to reduce the requested sentence to one year in treatment, of which, he claimed, petitioner would likely only serve 120 days.

In affirming the denial of petitioner's Rule 24.035 post-conviction relief motion, the Missouri Court of Appeals disposed of petitioner's ineffective assistance of counsel claim as follows:

> In the case at bar, the record clearly refutes [petitioner's] claims that

-4-

> she reasonably relied on assurances by counsel that the State would recommend a one-year drug treatment program. "Statements made by the defendant during sentencing refute ineffective assistance of counsel claims if the questions and responses are specific enough to refute conclusively the movant's allegations." **Stubbs v. State**, 171 S.W.3d 139, 142 (Mo. App. W.D. 2005) (internal quotation omitted).
>
> At the start of the plea hearing, the State informed the Court that the plea agreement was that [petitioner] would plead guilty to the DWI count, the state would dismiss the other two counts, and [petitioner] would accept a sentence of ten years from the court. Neither [petitioner] nor her attorney challenged that statement. Subsequently, [petitioner] testified that she understood the range of possible punishment for the count to which she was pleading guilty was five to ten years imprisonment. When asked by the court what its sentencing recommendation was going to be, the State responded that it was recommending a sentence of ten years based upon the prior convictions and the nature of the offenses. [Petitioner] then testified that the State's recommendation was consistent with her understanding of the plea agreement, that she was not surprised by the recommendation, and that no other promises had been made to her concerning this case. [Petitioner] then stated that she still wished to plead guilty and that she wanted the court to accept her plea and follow the State's recommendation. When asked by the court if any promises had been made to her with regard to the amount of the ten-year sentence she would have to serve, [petitioner] responded that she guessed that she would have to serve at least eight years of it but that no promises had been made to her in that regard.
>
> Thus, the record of the plea hearing clearly refuted [petitioner's] claim that counsel had led her to believe that the State wanted her to be sentenced to a one-year drug treatment program or that she could have reasonably relied upon any such representation. Accordingly, the trial court did not clearly err in denying her motion without an evidentiary hearing.

(Respondent's Exhibit D, pp. 4-5).

In order to obtain relief in federal habeas corpus, petitioner "must show 'actual ineffectiveness' as defined in <u>Strickland</u>, 466 U.S. at 687, and that she 'pleaded guilty as a direct consequence of [her] counsel's erroneous advice and . . . but for this advice, the outcome of the plea process would have been different.'" <u>Nolan v. Armontrout</u>, 973 F.2d 615, 617 (8th Cir. 1992) (citing

-5-

Garmon v. Lockhart, 938 F.2d 120 (8th Cir.1991)). To show prejudice in such a case, petitioner must establish with "reasonable probability" that she would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon [her] guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that her guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). During petitioner's plea hearing, petitioner acknowledged knowing the range of punishment on the count to which she was pleading guilty, which, per a plea agreement with the state, would bring a sentence of ten years (Respondent's Exhibit D, p4). The Missouri Court of Appeals, Western District, held that petitioner failed to demonstrate that she was prejudiced by counsel's erroneous advice, because the record of the hearing clearly demonstrates petitioner's understanding of the terms of the plea agreement (Respondent's Exhibit D, p. 5). Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. §

2254(d)(1) and (2), this Court finds that trial counsel was not ineffective.

Ground 4 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

      /s/ Greg Kays
      GREG KAYS
      UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: February 8, 2012.